## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THEODORE JACKSON**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 20-2842-KSM** |
| **EDWARD ROSEN,** | |
| Defendant. | |

## <u>ORDER</u>

AND NOW, this 26th day of June, 2020, upon consideration of Plaintiff Theodore Jackson's Motion to Proceed *In Forma Pauperis* (Doc. No. 1), his Prisoner Trust Fund Account Statement (Doc. No. 3), and his *pro se* Complaint (Doc. No. 2), it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Theodore Jackson, # LR-3858, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Superintendent of SCI-Laurel Highlands or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Jackson's inmate account; or (b) the average monthly balance in Jackson's inmate account for the six-month period immediately preceding the filing of this case.  The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Jackson's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income

credited to Jackson's inmate account until the fees are paid.  Each payment shall refer to the
docket number for this case.

3.      The Clerk of Court is directed to **SEND** a copy of this Order to the
Superintendent of SCI-Laurel Highlands.

4.      The Complaint is **DEEMED** filed.

5.      The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART
WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

a.      Jackson's claims under the Ninth Amendment, 31 U.S.C. § 6711, 51
U.S.C. § 20137, 18 U.S.C. § 2255, his related official capacity claims, and his request for
relief in the nature of an order vacating his guilty plea and granting him a new trial in his
criminal case are **DISMISSED WITH PREJUDICE**.

b.      Jackson's selective prosecution claim, claim based on fabricated evidence
and related official capacity claims are **DISMISSED WITHOUT PREJUDICE** and
with leave to reassert in a new civil action if his conviction is ever reversed on direct
appeal, expunged by executive order, declared invalid by a state tribunal authorized to
make such determination, or called into question by a federal court's issuance of a writ of
habeas corpus.

c.      Jackson's Fourth Amendment and Fourteenth Amendment claims based
on an incorrect offense date, and his Fifth and Sixth Amendments claims based on his
alleged arrest and interrogation are **DISMISSED WITHOUT PREJUDICE** and with
leave to file an amended complaint in this civil action.

d.      Jackson's state law claims are **DISMISSED WITHOUT PREJUDICE**
for want of subject matter jurisdiction.

2

6.      Jackson may file an amended complaint against Defendant Rosen within thirty (30) days of the date of this Order limited to the claims not dismissed with prejudice or found to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Any amended complaint must state the basis for Jackson's claims against Rosen.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Jackson should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7.      The Clerk of Court is **DIRECTED** to send Jackson a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Jackson may use this form to file his amended complaint if he chooses to do so.

8.      If Jackson does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.      If Jackson fails to file any response to this Order, the Court will conclude that he intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**IT IS SO ORDERED.**

**/s/KAREN SPENCER MARSTON**
_____
KAREN SPENCER MARSTON, J.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").