IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THEODORE JACKSON**, **JR.**,<br><br>Plaintiff,<br><br>*v.*<br><br>**EDWARD ROSEN,**<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO. 20-2842-KSM** |

## ORDER

**AND NOW**, this 27th day of August, 2020, upon consideration of Plaintiff Theodore Jackson, Jr.'s Amended Complaint (Doc. No. 7), it is **ORDERED** that:

1. The following claims are **DISMISSED WITH PREJUDICE**:

    A. All claims against Marple Township Police Department;

    B. All official capacity claims;

    C. The individual capacity claims against Defendants Edward Rosen and Nicholas Coffin asserting violations of the Sixth and Eighth Amendments.

    D. The individual capacity claims against Rosen and Coffin asserting a violation of the Fourth Amendment based on disparate dates in the arrest warrant and criminal complaint.

    E. The individual capacity claim against Coffin asserting a violation of the Fourth Amendment based on excessive force during Jackson's June 1, 2018 arrest.

    F. The individual capacity claims against Rosen and Coffin asserting violations of the Fifth Amendment based on *Miranda* violations during the initial

interrogation on June 1, 2018 and during Jackson's meeting with District Attorney Copeland.

G.   The individual capacity claims against Rosen and Coffin asserting violations of the Fourteenth Amendment's Due Process Clause based on the denial of food and water for 14 to 16 hours.

2.   The following claims are **DISMISSED WITHOUT PREJUDICE:**

A.   The individual capacity claims against Rosen and Coffin based on violations of the Fifth Amendment during the Second Arrest on July 21, 2018.

B.   The individual capacity claims against Rosen and Coffin asserting violations of the Fourteenth Amendment's Equal Protection Clause based on a theory of selective prosecution.

3.   The Clerk of Court is **DIRECTED** to amend the caption to reflect the caption of the Amended Complaint.

4.   The Clerk of Court is **DIRECTED** to terminate Marple Police Department as a Defendant.

5.   The Clerk of Court is specially appointed to serve written waiver requests on Defendants Edward Rosen and Nicholas Coffin, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service.  The waiver of service requests shall be accompanied by a copy of the Amended Complaint, this Order and the accompanying Memorandum, and shall inform the Defendants of the consequences of compliance and failure to comply with the requests.  The requests shall allow the Defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers.  If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue

summonses and transmit the summonses and a copy of the Amended Complaint, this Order and the accompanying Memorandum, to the U.S. Marshals Service for immediate service.

6. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
>   (Signature)"

7. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Jackson is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

8. Jackson is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Jackson shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

9. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

10. In the event a summons is returned unexecuted, it is Jackson's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendants' correct addresses, so service can be made.

11. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**IT IS SO ORDERED.**

                                        **/s/KAREN SPENCER MARSTON**
                                        _____
                                        **KAREN SPENCER MARSTON, J.**