**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THEODORE JACKSON, JR.** | **CIVIL ACTION** |
| **v.** | **NO. 20-2842** |
| **EDWARD ROSEN,** *Detective*, **NICHOLAS COFFIN, MARPLE TOWNSHIP POLICE DEPARTMENT** | |

**MEMORANDUM RE MOTION TO DISMISS**

Baylson, J.                                                                          **March 18, 2021**

### I.      Introduction

Before the Court is Defendants Edward Rosen and Nicholas Coffin's Motion to Dismiss pro se Plaintiff Theodore Jackson Jr.'s second amended complaint.   For the reasons that follow, the Motion will be granted in part, and denied in part.

### II.     Facts and Procedural History

Pro se Plaintiff Theodore Jackson Jr., a prisoner incarcerated at SCI-Phoenix, filed the original complaint in this case on May 21, 2020.   ECF 2.   The first complaint asserted federal constitutional claims under 42 U.S.C. § 1983 against one defendant, Edward Rosen, a detective with the Marple Township Police Department and the Delaware County Criminal Investigations Division ("CID").   ECF 2.   In a Memorandum and Order filed on June 26, 2020, Judge Marston dismissed the complaint in part with prejudice and in part without prejudice, and granted Plaintiff leave to amend.   ECF 4, 5.

On July 27, 2020, Plaintiff filed his first amended complaint, adding the Marple Township Police Department and Nicholas Coffin, an officer with the Marple Township Police Department, as Defendants.   ECF 7.   In a Memorandum and Order issued on August 28, 2020, Judge Marston

dismissed all claims against the Marple Township Police Department, as well as certain claims against Detective Rosen and Officer Coffin.   Jackson v. Rosen, No. 20-2842, 2020 WL 5095497 (E.D. Pa. Aug. 28, 2020) ("Marston Op.").   Judge Marston described the facts alleged by Jackson in the first amended complaint in detail, and the Court will summarize them here only as relevant to this Motion.

Jackson's first amended complaint alleges that he was arrested on drug-related charges on June 1, 2018.   Marston Op. at *1.   Jackson claimed he was arrested at gunpoint by several unidentified CID officers and that those officers used unnecessary force against him.   On that same day Rosen executed a search warrant on an apartment in Alden, PA which Plaintiff alleges was improper because the underlying affidavit from Rosen included several misrepresentations. Id.   After the search, Plaintiff was taken to the Marple Township Police Department and questioned by Rosen.   Id. at *2.   He then alleges that Rosen told him he would be released, but not to leave Delaware County.   Id.   After Plaintiff was released, "Rosen used physical force, coercion, fear, and intimidation to force Jackson into acting as his confidential informant."   Id. On July 21, 2018,[1] Rosen, Coffin, and an unidentified detective arrested Plaintiff, again using unnecessary force.

With respect to claims against Rosen and Coffin in their individual capacities, Judge Marston dismissed some claims with prejudice, dismissed some claims without prejudice, and allowed some claims to proceed.   Rosen and Coffin filed a Motion to Dismiss the remaining claims against them which was denied.   ECF 17. Rosen and Coffin filed their Answer on September 15, 2020.   ECF 18.   Judge Marston conducted a preliminary pretrial conference on

---

[1] Jackson states that the second arrest occurred on July 20, 2018, however Judge Marston's Opinion notes that the arrest records indicate that it occurred on July 21, 2018.

October 13, 2020, which Plaintiff attended via video.   ECF 19.   Following this conference, the Court issued a Scheduling Order noting that Plaintiff would need to seek the Court's leave before filing another amended complaint and setting November 12, 2020 as the deadline for doing so. ECF 24.

Plaintiff placed his second amended complaint in the prison mailbox on November 10, 2020, ECF 35, and it was filed with the Court on November 18, 2020, ECF 28, "SAC."   The Second amended complaint seeks to add several new claims and Defendants.   See SAC.   On November 23, 2020, this case was reassigned from Judge Marston to the undersigned.   ECF 30.

In the second amended complaint, Plaintiff makes several additions.   For the first time, Plaintiff brings claims against three John Does based on a search of his parents' home on March 23, 2018 by several police officers.   Plaintiff also reiterates the allegations in his prior complaints with the addition of specifying the officers involved.   Plaintiff alleges that the "arrest team" involved in the first arrest included Officers Fuss, Hannigan, Goodman, Coffin, and Rutherford under the supervision of Rosen.   SAC ¶ 12.   Plaintiff also alleges that these officers executed the search of the Alden apartment on the same day.   SAC ¶ 30–31.   Regarding the second arrest, Plaintiff alleges that Rosen and Coffin were joined by Rutherford.   Lastly, Plaintiff adds several tort claims in the second amended complaint, based on the same events as the earlier complaints, including assault and battery and abuse of process.

In total, the second amended complaint includes the following claims: violations of the Fourth Amendment including excessive force, misrepresentations in the search warrant, and illegal search and seizure, violations of the Fourteenth Amendment including procedural due process and racial discrimination, abuse of process, assault and battery, intentional infliction of emotional

3

distress, and negligence.[2]

Defendants Coffin and Rosen filed the present Motion to Dismiss on November 24, 2020. ECF 31, "MTD."   Plaintiff filed a response on February 3, 2021, ECF 35, "Opp'n," and Defendants replied on February 8, 2021, ECF 36, "Reply."

## III.    Parties' Arguments

Defendants first argue that Plaintiff's second amended complaint is untimely because it was filed with the Court on November 18, 2020, and Plaintiff did not seek leave to do so. Defendants also argue that even if the Court construed Plaintiff's second amended complaint as a Motion for leave to file an amended complaint, it should be denied because amendment would be futile.   They argue that the new claims against the new defendants are barred by the statute of limitations, and, in one case, prosecutorial immunity.   Defendants also argue that the second amended complaint fails to state a claim.

Plaintiff argues that his complaint was timely filed and that all of the claims in the second amended complaint "relate back" to his initial complaint.   Additionally, regarding his claims about the prior search, he states that he was not aware of this search until November 2020, and that it demonstrates a pattern of misconduct by CID officers.

## IV.    Leave to File a Second amended complaint

Plaintiff explains that the Court and Defendants were on notice that he intended to file a second amended complaint because he indicated as much during the parties Rule 26(f) conference. He also states that Judge Marston provided November 12, 2020 as the final date for Plaintiff to

---

[2]  Plaintiff's claims of "abuse of court" and "abuse of authority/power" will be construed to fall within his claim of abuse of process.   The remainder of Plaintiff's "claims" are not recognized by this Court as legal claims including "willful misconduct," "deliberate indifference," and "pain and suffering."

seek leave to file an amended complaint, and that he sent his complaint on November 10, 2020. Recognizing that pursuant to the "mailbox rule," Plaintiff's complaint is deemed filed when provided to the prison, the second amended complaint will be deemed filed on November 10, 2020. Pabon v. Mahanoy, 654 F.3d 385, 398 (3d Cir. 2011).

Given the liberal construction owed to plaintiffs proceeding pro se, the Court will construe Plaintiff's filing of his second amended complaint as a Motion for Leave to Amend.   Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires."   Given this mandate, as well as the fact that Plaintiff filed his second amended complaint within the time frame prescribed by the Judge Marston, the Court will grant Plaintiff leave to amend.

**V.      Statute of Limitations and Relation Back**

The statute of limitations for an action brought under 42 U.S.C. § 1983 is two years.   See Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003).   The statute of limitations for the tort claims added in the second amended complaint is the same.   See 42 Pa.C.S. § 5524.   Two years from the date of Plaintiff's first arrest would be June 1, 2020.   While Plaintiff's initial complaint was filed within that time period, the second amended complaint was not.   Therefore, the Court applies Rule 15(c) to the new claims and Defendants which provides for the "relation back" of amended complaints that add or change parties or claims.   Under Rule 15, "if certain conditions are met . . . the amended complaint is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint."   Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 189 (3d Cir. 2001).

When adding a new claim, the only requirement is that it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."   Rule 15(c)(1)(B).   When adding a new Defendant, that requirement must be met and in addition,

5

"within the time period provided in Rule 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense" and "the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action."   Rule 15(c)(1)(C).   "[A]n amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time."   Garvin, 354 F.3d at 221–22.

The Court will consider each of Plaintiff's new claims and new Defendants under this standard to determine whether they "relate back" and may proceed.

### a.  New Claims

With respect to the allegations in Plaintiff's second amended complaint concerning the search of his parents' home on May 23, 2018, Plaintiff argues that he was not aware of this search until November 2020, and that it relates back to his prior complaint because it demonstrates a pattern of misconduct directed against him by CID officers.   However, Plaintiff's argument that he was not aware that the John Doe CID officers were involved in this search until November 2020 is irrelevant to determining the statute of limitations.   Plaintiff was aware that the search occurred, and if he wished to challenge it, he must have done so within two years.   See Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (Plaintiff's claims "accrued when he knew or had reason to know of the injury that constitutes the basis of this action.") (emphasis added).   These new allegations do not relate back to his initial claim.   Plaintiff cannot show that any claim he may have related to the search of his parents' home arises from the same "conduct, transaction, or occurrence" as the arrests which were the subject of his initial complaint.   Although Plaintiff suggests some of the same people may have been involved, this search was an entirely separate event from the

allegations in his earlier complaints[3]   Therefore, Plaintiff's claims against John Does 1-3 regarding the search on May 23, 2018 are dismissed with prejudice.

While Plaintiff's previous complaints only included claims that his constitutional rights were violated, the second amended complaint adds claims of abuse of process, assault and battery, intentional infliction of emotional distress,[4] and negligence.   Therefore, to the extent these tort claims arise out of the events from June 1 through July 21 as described in the original complaint, the Court will evaluate them below.

### b.  New Defendants

Plaintiff's addition of the new Defendants is also time barred, as he cannot demonstrate that failure to name them was due to a "mistake of identity."   Plaintiff included the alleged conduct by these Defendants in his earlier complaints, in some circumstances referring to them by name, and in others referencing them generally (i.e. "the arrest team").   However, Plaintiff did not name any John Does in his earlier complaints and cannot add these other individuals now.   As Plaintiff was aware of others involved in the events at issue at the time he filed his initial complaint, but did not include them, he cannot now add them after the statute of limitations has passed. See Garvin, 354 F.3d at 221–22.   Therefore, Plaintiff's claims against Copeland, Fuss, Hannigan, Goodman, Lindelow, Rutherford, and Murray are dismissed with prejudice.

### VI.   Failure to State a Claim

---

[3]  Additionally, Plaintiff does not have standing to challenge several of the actions he contests related to this search.   Specifically, he cannot contest the force used against his family members, intimidation of them, or destruction of their property.

[4]  This claim is only related to the search of Plaintiff's parents' home and therefore is dismissed based on the above discussion.

As the Court has granted Jackson leave to proceed informa pauperis, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the second amended complaint if it fails to state a claim.   Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).   The Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.   See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").   As Jackson is proceeding pro se, the Court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

The Court will evaluate whether Plaintiff has stated a claim with respect to each of his new claims which relate back to the initial complaint.

### a.  Fourth Amendment Excessive Force

Plaintiff brings claims of excessive force in violation of the Fourth Amendment based on both arrests and associated conduct.   As Judge Marston previously noted, a Fourth Amendment excessive force claim is analyzed under an objective reasonableness standard.   Graham v. Connor, 490 U.S. 386, 394 (1989).   Judge Marston construed Plaintiff's previous allegations liberally and allowed an excessive force claim to proceed against Rosen based on his involvement in the first arrest, and against both Rosen and Coffin based on the second arrest.   As Plaintiff now alleges that Coffin was involved in the first arrest as well, specifically that he placed a knee on Plaintiff's

neck, the Court will find this is sufficient for an excessive force claim to proceed against Coffin with respect to the first arrest as well.   SAC ¶ 13.

### b.  Assault and Battery

"Under Pennsylvania law, an assault is "an intentional attempt by force to do injury to the person of another and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person."   Rosembert v. Borough of E. Lansdowne, 14 F. Supp. 3d 631, 644 (E.D. Pa. 2014) (Goldberg, J.).   The Court finds that the allegations which form the basis for Plaintiff's excessive force claim may also form the basis for an assault and battery claim.   The Court will allow Plaintiff's assault and battery claim based on the first and second arrests to proceed against Rosen and Coffin.

### a.  Fourth Amendment Misrepresentations in Search Warrant

Judge Marston previously allowed a Fourth Amendment claim based on misrepresentations in the search warrant affidavit to proceed against Rosen.   Plaintiff now seeks to pursue this claim against Coffin as well based on the fact that he "should have known" the warrant was based on false information, but provides no basis for this statement.   Therefore, this claim may only proceed against Rosen.

### b.  Fourteenth Amendment Equal Protection

Plaintiff alleges race discrimination in violation of the Fourteenth Amendment based on all of the above described events, and in support of these allegations states that white men are treated more favorably to African American men.   SAC ¶¶ 81, 83.   "To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination.   They must demonstrate that they received different treatment from that received by other individuals similarly situated."   Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 273 (3d

Cir. 2014).   Plaintiff has not done so.   Plaintiff's generalized allegations of race discrimination are not sufficient to demonstrate purposeful discrimination by the officers involved in this case. Therefore, Plaintiff's equal protection claims will be dismissed with prejudice.

### c.  Fourteenth Amendment Procedural Due Process

As Judge Marston explained, "[t]o state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property, and (2) the procedures available to him did not provide due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 233–34 (3d Cir. 2006) (quotation marks omitted)).   Judge Marston allowed a claim of procedural due process to proceed against Rosen regarding him ordering Jackson to stay in Delaware County and forcing him to act as a confidential informant.   Jackson seeks to add a procedural due process claim with respect to all the other events described above, but has not explained what specific interest he was deprived of.   His other allegations are more appropriately covered by his other legal claims.   Therefore, the only procedural due process claim which can proceed is that which was previously allowed by Judge Marston.

### d.  Abuse of Process[5]

Plaintiff also argues that all the above events constitute an abuse of process. "Pennsylvania recognizes a cause of action for abuse of process where 'the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.'"   Marable v. W. Pottsgrove Twp., 176 Fed. Appx. 275, 281 (3d Cir. 2006) (quoting Rosen v. Am. Bank of Rolla, 627 A.2d 190, 192

---

[5]  There is no separate claim for "abuse of court" or "abuse of authority/power."   Therefore, Plaintiff's claim of "abuse of process" will be construed to include all these claims.

(Pa. Super. 1993)).   "An abuse of process is by definition a denial of procedural due process."
Jennings v. Shuman, 567 F.2d 1213, 1220, (3d Cir. 1977).   Based on the above discussion, the
Court finds that Plaintiff may bring an abuse of process claim based on Rosen's use of his arrest
to intimidate him into remaining in Delaware County and serving as a confidential informant, but
may not bring this claim based on any other events described in the second amended complaint.

### e.   Negligence

Plaintiff additionally makes claims of negligence throughout his complaint.   The Political
Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S. § 8541 et seq. "grants broad immunity from
tort suits to local agencies and their employees."   Cooper v. Chester, 810 F. Supp. 618, 625 (E.D.
Pa. 1992) (Giles, J.).   Claims of negligence against local governments and their employees are
barred under the PSTCA unless they fall within one of eight categories listed in 42 Pa.C.S. § 8542,
none of which apply here.   Id.   All of Plaintiff's claims of negligence will be dismissed.

## VII.   Conclusion

In conclusion, for the reasons stated above, all claims against Copeland, Fuss, Hannigan,
Goodman, Lindelow, Rutherford, and Murray will be dismissed and they will not be added as
Defendants in this case.   Plaintiff's claims regarding the search of his parents' home are also
dismissed.   The following claims are those which may proceed: (1) excessive force claims based
on both arrests against both Rosen and Coffin, (2) assault and battery claims based on both arrests
against both Rosen and Coffin, (3) Fourth Amendment misrepresentations in search warrant claim
against Rosen, (4) Fourteenth Amendment procedural due process claim against Rosen, and (5)
abuse of process claim against Rosen.

The remainder of the claims are dismissed with prejudice.   An appropriate Order follows.

11

/Volumes/Judge Baylson/CIVIL 20/20-2842 Jackson v Rosen/20cv2842 Memorandum re Motion to Dismiss.docx